IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMIR FATIR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. Action No. 14-1329-GMS |
| | ) |
| SGT. RAYNARD JONES, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM

### I. BACKGROUND

The petitioner, Amir Fatir ("Fatir"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, appears *pro se*. He did not pay the filing fee or submit an application to proceed *in forma pauperis*. Thereafter, the court entered an order for Fatir to pay the filing fee pursuant to the requirements of forth in 28 U.S.C. § 1915. (D.I. 9.) Fatir moves for reconsideration. (D.I. 14.)

### II. MOTION FOR RECONSIDERATION

On October 20, 2014, Fatir submitted a "Petition for Court Order Authorizing Depositions to Perpetuate Testimony Before an Action is Filed Pursuant to Rule 27(a) of the Federal Rules of Civil Procedure." Pursuant to 28 U.S.C. § 1914(b), all district courts are required to collect fees for miscellaneous filings pursuant to the fee schedule established by the Judicial Conference. The filing fee for petitions to perpetuate testimony pursuant to Rule 27(a) of the Federal Rules of Civil Procedure, effective December 1, 2013, requires that $46.00 be paid in order to file documents that are not filed in a case or proceeding for which a filing fee has been paid.

Fatir is correct that the filing fee in this matter is not $350.00 plus the $50 administrative fee, but is $46.00 for the filing of any document that is not related to pending case or proceeding. Therefore, the court will vacate the October 23, 2014 order (D.I. 9) and will grant the motion for reconsideration (D.I. 14).

## III. FEDERAL RULE CIVIL PROCEDURE 27

Prior to bringing an action, Rule 27 of the Federal Rules of Civil Procedure allows a person to petition a court "to perpetuate testimony regarding any matter that may be cognizable in any court of the United States." Fed. R. Civ. P. 27(a)(1). Relief under Rule 27 is available "[i]f the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice," and it lists five requirements for a properly supported petition. While it appears that Fatir has satisfied the five requirements, Rule 27 is restricted to "only . . . that special category of cases where it is necessary to prevent testimony from being lost." *Ash v. Cort*, 512 F.2d 909, 912 (3d Cir. 1975).

Most petitions to perpetuate testimony have been granted when a witness is aged or gravely injured and in danger of dying or there are geographical constraints. *See, e.g., Texaco, Inc. v. Borda*, 383 F.2d 607 (3rd Cir. 1967) (permitting deposition of a witness of advanced age in suit that had been stayed pending resolution of parallel criminal prosecution); *Petition of Delta Quarries and Disposal, Inc.*, 139 F.R.D. 68 (M.D. Pa. 1991) (deponent's condition was serious and only deponent had knowledge of activities at landfill before 1978 when physical records began to be kept); *In re Sims*, 389 F.2d 148, 150 (5th Cir. 1967) (potential deponent was imminently departing for Peru).

In the absence of special circumstances, however, Rule 27 petitions have been denied. Fatir does not state a special circumstance and has made no specific showing that the testimony he seeks to perpetuate is in any danger of being lost if depositions of the named individuals are not immediately taken. Therefore, the court finds neither a failure or delay of justice that merits allowing Fatir to perpetuate testimony prior to his filing an action in this court.

## IV. CONCLUSION

For the above reasons, the court will: (1) grant the motion for reconsideration (D.I. 14); (2) vacate the October 23, 2014 order (D.I. 9); (3) order Fatir to pay the $46.00 filing fee; (4) deny as moot the motion to order mental examination (D.I. 10); (5) decline to allow Fatir to proceed with Fed. R. Civ. P. 27(a) depositions; and (6) direct the Clerk of the Court to close this matter.

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

_____, 2014
Wilmington, Delaware